BRIGHT, Circuit Judge,
concurring:
I agree that the record is unclear as to whether the state court changed Lopez-Vasquez’s offense of conviction to a violation of section 11357, a “wobbler” which could have been deemed a misdemeanor. I also agree that Lopez-Vasquez must do more than prove that the record is inconclusive. But because the record is incomplete and unclear, I believe that the proper outcome for this case is to instruct the BIA to permit the reopening of the case before the Immigration Judge. This would allow LopezAVasquez the opportunity to attempt to produce evidence from California officials showing that the state court changed Lopez-Vasquez’s offense of conviction to simple possession of marijuana under section 11357.
*1081 Lopez-Vasquez is not entitled to relief here because he cannot satisfy the burden of proof; he can prove no more than an inconclusive record. Yet it seems unfair to deny Lopez-Vasquez the possibility of relief when there are some facts in the record to support his position. For example, at the July 13, 1998 state court status conference, the court acknowledged that simply reducing Lopez-Vasquez’s section 11359 conviction to a misdemeanor was a “legal impossibility,” thereby indicating an awareness that a conviction under section 11359 could not statutorily be deemed a misdemeanor. But the court later appeared to do exactly what it stated it could not — reduced the section 11359 conviction to a misdemeanor. Also, the transcript of the July 13, 1998 status conference indicates that the prosecutor was considering changing Lopez-Vasquez’s offense of conviction. This is notable because under California law, the state court could have changed Lopez-Vasquez’s offense of conviction to section 11357 with the consent of the prosecutor.
It is true that taking these facts to indicate that Lopez-Vasquez’s offense of conviction was changed to section 11357 would require us to speculate that the state court took action that is not disclosed in the record. But even the majority’s “most likely explanation” for the state court’s action requires some speculation-— that the state court knowingly erred by doing something it acknowledged on the record it could not do.
I believe the state court was trying to help Lopez-Vasquez with his immigration status by reducing his conviction to a misdemeanor. The intentions of the state court warrant consideration and perhaps those intentions could be the subject of proof on a reopening of the record.
It is disappointing that none of the actors in this case took steps to make the record clear. We should give Lopez-Vasquez another chance to establish that the state court did in fact change his offense of conviction to simple possession of marijuana in violation of section 11357.